IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SETH EUGENE LAIZURE,

Plaintiff,

v.

WASHINGTON COUNTY, by and through
WASHINGTON COUNTY SHERIFF'S
OFFICE, PHONG TRAN,

Defendants.

Case No. 3:17-cv-01254-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Seth Eugene Laizure ("Laizure") filed this action against defendants Phong Tran

("Tran") and Washington County (together, "Defendants"), alleging violations of the First and

Fourth Amendments pursuant to 42 U.S.C. § 1983 ("Section 1983"), as well as state law claims

for false arrest and malicious prosecution. The Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a U.S.

Magistrate Judge under 28 U.S.C. § 636.

On November 18, 2019, this Court granted Laizure's motion for summary judgment,

entering summary judgment for Laizure on his Section 1983 claims and his claim for false arrest

PAGE 1 – OPINION AND ORDER

under Oregon law (Claims Two and Four), and on several elements of his malicious prosecution

claims (Claims Three and Five), and the Court denied Defendants' motion for summary

judgment. (ECF No. 73.) Defendants appealed the Court's opinion that Tran is not entitled to

qualified immunity, and the Ninth Circuit reversed and held that Tran is entitled to qualified

immunity on Laizure's federal claims. *See Laizure v. Wash. Cnty. et al.*, 836 F. App'x 576, 578

(9th Cir. 2021) ("Tran is entitled to qualified immunity on Laizure's § 1983 claims.").

Defendants now move for reconsideration of this Court's opinion granting Laizure's

motion for summary judgment and denying Defendants' motion for summary judgment, pursuant

to Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 92.) The parties agree that in light

of the Ninth Circuit's mandate, the Court must enter judgment for Defendants on Laizure's

federal claims (Claims One, Two, and Three) on the ground of qualified immunity. However,

Laizure opposes Defendants' motion for reconsideration with respect to his state claims for false

arrest and malicious prosecution (Claims Four and Five), arguing that the Ninth Circuit did not

clearly hold that Tran had probable cause to arrest Laizure.[1]

///

---

[1] Laizure also asks the Court to decline to exercise supplemental jurisdiction over the
remaining state claims. (Pl.'s Resp. at 1-3.) However, this case has been pending for over four
years and the Court has already adjudged the merits of Laizure's state claims, and therefore the
interests of judicial economy, convenience to the parties, and fairness weigh in favor of
continuing to exercise supplemental jurisdiction here. *See Zhang v. Cnty. of Monterey*, No. 17-
CV-00007-LHK, 2021 WL 2308290, at *3 (N.D. Cal. June 4, 2021) ("Where a party requests
that the district court decline supplemental jurisdiction at a late stage of the litigation, economy,
convenience, and fairness weigh in favor of retention of jurisdiction." (citing *Wang v. Chinese
Daily News, Inc.*, 623 F.3d 743, 762 (9th Cir. 2010), *vacated on other grounds*, 556 U.S. 801
(2011), *Trs. of Constr. Indus. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th
Cir. 2003), and *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir.
2000))); *see also* 28 U.S.C. § 1367(a) (providing that a federal court may exercise supplemental
jurisdiction over state law claims "that are so related to claims in the action within [the court's]
original jurisdiction that they form part of the same case or controversy under Article III of the
United States Constitution").

This Court previously held that Tran's belief that Laizure had committed the crime of telephonic harassment was not objectively reasonable because the record reflected that with respect to the call on which the criminal charge was based, Deputy Tran knew of no facts to support a conclusion that Laizure made the call with an intent to harass or annoy. (Op. & Order at 7.) Rather, it is undisputed that Laizure placed the call to alert the recipient that he was dropping off their daughter.[2] (*Id.*) With respect to qualified immunity, this Court held that a reasonable person could not conclude that there was a fair probability that Laizure committed the crime of telephonic harassment because the "intent to harass or annoy" element was clearly not satisfied. (*See* Op. & Order at 13, "Based on Deputy Tran's statements at the time of the arrest, his police report, and his deposition testimony, it is clear that he misunderstood the required elements of the telephonic harassment statute. Deputy Tran believed he could arrest Laizure merely for disobeying his order.") The Ninth Circuit disagreed: "The evidence available to Tran permitted him to infer that Laizure intended to harass or annoy [the call recipient]." *Laizure*, 836 F. App'x at 578.[3] In light of the Ninth Circuit's opinion, the law of the case requires this court to conclude that Tran has satisfied the objective component of the probable cause standard. *See*

---

[2] Indeed, a Washington County Circuit Court judge granted Laizure's motion for judgment of acquittal on the telephonic harassment charge immediately following the District Attorney's presentation of evidence, stating "I don't feel like the State has proved beyond a reasonable doubt, even in the light most favorable to the State, that the defendant intentionally harassed or annoyed Ms. Taylor." (Decl. Kimberly Stuart Supp. Defs.' Mot. Summ. J. ("Stuart Decl.") Ex. 4, at 14.)

[3] The Court disagrees with Laizure that the Ninth Circuit's probable cause finding was mere dicta (Pl.'s Resp. at 3-4), as the finding was a necessary element of the qualified immunity analysis. *See Laizure*, 836 F. App'x at 578 ("In this context, the court asks "(1) whether there was probable cause for the arrest; and (2) whether it is reasonably arguable that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." (quoting *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam))).

PAGE 3 – OPINION AND ORDER

*Pubali Bank v. City Nat'l Bank*, 777 F.2d 1340, 1342 (9th Cir. 1985) (holding that a district court must grant summary judgment "in accordance with the law of the case, based on the appellate conclusions, if no evidence that affects the appellate ruling is offered").

Laizure is correct that Oregon courts have held that probable cause also requires a subjective component: "An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances." *State v. Owen*, 302 Or. 196, 204 (1986). However, the Court agrees with Defendants that the undisputed record here reflects that Tran subjectively believed Laizure had committed the crime of telephonic harassment, even if he was mistaken. (*See, e.g.*, Stuart Decl. Ex. 5 at 4, noting that Tran stated in his police report that he "developed PC to arrest Laizure for the crime of Telephonic Harassment . . . based on the fact Laizure admitted to calling Taylor after I had told him not to do so"; *see also* Decl. John Burgess Supp. Pl.'s Mot. Summ. J. Ex. A, at 13, Tran testified at his deposition that it was his understanding that "if a person tells somebody not to call them and they do call them regardless of the purpose of the phone call, that constitutes telephonic harassment"). Based on the record before the Court, no rational trier of fact could conclude that Deputy Tran lacked a subjective belief that he had probable cause to arrest Laizure.

In light of the Ninth Circuit's mandate, the Court concludes that no rational trier of fact could find that Deputy Tran lacked probable cause to arrest Laizure. Because Laizure's state claims for false imprisonment and malicious prosecution require as a necessary element the absence of probable cause for arrest, the Court also enters summary judgment for Defendants on Laizure's state claims.

///

**CONCLUSION**

In light of the Ninth Circuit's mandate and for the reasons set forth above, the Court

GRANTS Defendants' Motion for Reconsideration (ECF No. 92), and enters summary judgment

for Defendants on all of Laizure's claims.

**IT IS SO ORDERED.**

DATED this 7th day of September 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 5 – OPINION AND ORDER